**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117327

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Naftali Katz,<br><br>                    Plaintiff,<br><br>vs.<br><br>Tate & Kirlin Associates, Inc.,<br><br>                    Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Naftali Katz (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Tate & Kirlin Associates, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.     At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Naftali Katz is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Tate & Kirlin Associates, Inc., is a Pennsylvania Corporation with a principal place of business in Philadelphia County, Pennsylvania.

9.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    The principal purpose of Defendant's business is the collection of such debts.

12.    Defendant uses the mails in its debt collection business.

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.    To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17.    In order for consumers to vindicate their rights under the statute, the FDCPA

"grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish

3

civil liability against the debt collector. *Id.*

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 28, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

38. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, the actual amount

of the debt.

39. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

40. The Letter claims that Plaintiff owes $360.66.

41. Plaintiff did not owe $360.66 at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

42. Plaintiff did not owe $360.66 at the time Defendant sent Plaintiff the Letter.

43. Plaintiff did not owe $360.66 at the time Plaintiff received the Letter.

44. As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

45. As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

46. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

50. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. The Letter claims that Plaintiff owes $360.66.

52. Plaintiff did not owe $360.66 at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

53. Plaintiff did not owe $360.66 at the time Defendant sent Plaintiff the Letter.

54. Plaintiff did not owe $360.66 at the time Plaintiff received the Letter.

5

55. Defendant's allegation that Plaintiff owed $360.66 is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

56. Defendant's allegation that Plaintiff owed $360.66 is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

57. Defendant's allegation that Plaintiff owed $360.66 is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

58. Defendant's allegation that Plaintiff owed $360.66 is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

59. Defendant's allegation that Plaintiff owed $360.66 is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

60. Defendant's allegation that Plaintiff owed $360.66 is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

61. Defendant's allegation that Plaintiff owed $360.66 is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

62. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

65. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

66. The Letter claims the name of the creditor to whom the alleged Debt is owed is LVNV Funding LLC.

67. Plaintiff did not owe the alleged Debt to LVNV Funding LLC at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

68. Plaintiff did not owe the alleged Debt to LVNV Funding LLC at the time Defendant sent Plaintiff the Letter.

6

69. Plaintiff did not owe the alleged Debt to LVNV Funding LLC at the time Plaintiff received the Letter.

70. Plaintiff was never indebted to LVNV Funding LLC.

71. Plaintiff did not owe any money to LVNV Funding LLC.

72. As such, LVNV Funding LLC was not the correct name of the creditor to whom the alleged Debt was owed.

73. As such, Defendant failed to accurately provide the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

74. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

### FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

75. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

76. The Letter claims that Plaintiff owes an alleged Debt to LVNV Funding LLC.

77. Plaintiff did not owe the alleged Debt to LVNV Funding LLC at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

78. Plaintiff did not owe the alleged Debt to LVNV Funding LLC at the time Defendant sent Plaintiff the Letter.

79. Plaintiff did not owe the alleged Debt to LVNV Funding LLC at the time Plaintiff received the Letter.

80. Plaintiff was never indebted to LVNV Funding LLC.

81. Plaintiff did not owe any money to LVNV Funding LLC.

82. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

84. 15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

85. Defendant's representation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A).

7

86. Defendant's representation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

87. Defendant's representation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

88. Defendant's representation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

89. Defendant's representation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

90. Defendant's allegation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

91. Defendant's allegation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

92. Defendant's allegation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

93. Defendant's allegation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

94. Defendant's allegation that Plaintiff owed money to LVNV Funding LLC, when Plaintiff did not owe money to LVNV Funding LLC, is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

95. Defendant's request that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

96. Defendant's request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

8

97. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

98. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Finding Defendant's actions violate the FDCPA; and

    b. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiff's costs; all together with

    e. Such other relief that the Court determines is just and proper.

DATED: May 5, 2019

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117327